GRACE G. REYNOLDS *vs.* WILLIAM V. REYNOLDS.

JUNE 13, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.  This cause is here on the petitioner's appeal from a decree of the Superior Court modifying a final decree for the payment of alimony in a proceeding for divorce.

In August, 1929, Grace G. Reynolds filed a petition for divorce from her husband, William V. Reynolds, for the custody of and an allowance for the support of three minor children and for alimony.  Decision was rendered for petitioner April 2, 1930, and respondent's motion in the nature of a cross-petition was denied.  The final decree of divorce was entered October 7, 1930.  In addition to the usual terms this decree contained these provisions:  "All

questions of alimony, property rights, the custody of the minor children of said parties and the education, maintenance and support of said minor children, are hereby settled and determined as provided in a certain written agreement entered into by the parties on the 8th day of March, A. D. 1930, which said agreement is hereby referred to and incorporated herein as fully and completely as if herein set forth in full."

In the preamble of the agreement thus referred to, the parties state that they are living apart, that a petition for divorce has been filed (a copy of the petition is annexed to and made a part of the agreement) and that they are desirous of making a full settlement of all their property and other rights arising out of their marriage. The husband agreed (1) to make no objection to the wife's petition for the custody of the children, although reserving the right to petition the court for the custody of any child; (2) to pay to the wife $45 weekly on and after January 18, 1930, so long as she lives or until she remarries, and $10 weekly for the support of each minor child while in the custody of and living with the wife.

By the fifth clause the husband agreed to guarantee performance of the agreement and to deliver to the Industrial Trust Co., trustee under a deed of trust to be made thereafter, stocks and bonds of the value of $25,000, he to have with respect to the property so deposited full power of substitution and full beneficial use of such securities as to income or otherwise, his wife to have the right, if he fails to make payments as agreed, to have the amount in arrears paid from the income or the principal of the trust fund.

By the eighth clause the wife agreed to receive said payments in full satisfaction and discharge of all claims and demands which she may have against the husband for temporary allowance, alimony, dower or any or all rights akin to dower and all statutory rights which she may now have or may hereafter have in the estate of the husband and that she will and does take the provision made for her in the

agreement in lieu of any dower rights, joint ownership or other interest. Other provisions—with respect to division of the household furniture, etc.—are not material to the present proceeding.

On April 2, 1930, the husband established the trust which was to continue until the death or remarriage of Grace G. Reynolds.

In May, 1932, the respondent filed a petition praying for a modification of the decree for the payment of alimony and for custody of the minor children because of a change in his financial condition and because of the improper conduct of his former wife. A motion to dismiss this petition on the ground that the court was without jurisdiction was denied. The court heard the testimony of the respondent, and, no evidence being presented by Grace G. Reynolds, entered an order modifying the final decree by awarding the custody of the children to the respondent and ordering him to pay Grace G. Reynolds as alimony the sum of $20 per week and restraining her from accepting an amount greater than that sum from the trustee.

An appeal was taken by Grace G. Reynolds and subsequently a motion was filed by the respondent to reinstate the order appealed from under authority of Section 28 of Chapter 339, G. L. 1923. The motion was granted as to the custody of the children but denied as to the allowance to the wife and an order was entered requiring the respondent to pay the sum of $45 a week until the determination of the appeal.

The cause is here upon the appeal of Grace G. Reynolds from the decree modifying the future payments of alimony. The only question presented is as to the power of the Superior Court to modify the amount of future payments of alimony.

Section 5, Chapter 291, G. L. 1923, provides that, whenever a divorce is granted for fault on the part of the husband, the wife shall be entitled to dower if claimed by proceedings begun within six months after the entry of the final decree;

if the dower is not thus claimed or if claim is made for alimony within said period, dower is deemed to be waived and released and the only relief of the wife is a claim for alimony chargeable upon the estate of the husband, or some specific portion thereof, as the court may decree. A decree ordering the payment of alimony in any fixed sum, either indefinitely or for a certain period, may for sufficient cause at any time be altered, amended and annulled by the court.

Section 14 provides that the court may regulate the custody and provide for the support of minor children of persons by it divorced and may make a reasonable and proper allowance for the support of the wife, which allowance shall be so far regarded as a judgment for defendant that suits may be brought or executions may issue for amounts due and unpaid, to run against the goods and chattels of the husband and, for want thereof, against his body upon the affidavit of a party or her attorney that a certain sum is due and unpaid.

A respondent who is in default in the payment of an allowance for the separate maintenance of the wife or of alimony is subject to imprisonment upon process for contempt or on execution for failure to comply with the decree of the court. *Grattage* v. *Superior Court*, 42 R. I. 546; *Re Asadoorian*, 48 R. I. 50; *Boyden* v. *Boyden*, 50 R. I. 326. The regulation of the custody and the provision for the support of minor children, whether provided for by a final or an interlocutory decree, is always subject to the control of the court. G. L. 1923, C. 291, s. 14. *Budlong* v. *Budlong*, 51 R. I. 113.

In divorce proceedings a contract between husband and wife with respect to the amount and the payment of money in lieu of alimony will be recognized and enforced if it appears to the court to be reasonable and fair to the parties and not collusive. Petitioner relies particularly on the case of *Phillips* v. *Phillips*, 39 R. I. 92. In that case decision was rendered for petitioner in a proceeding for divorce. By an interlocutory decree she was given the custody of her minor

children and "such alimony as shall be decreed in decree to be entered." Thereafter petitioner, respondent and a third party named as trustee made and executed a trust agreement whereby the respondent agreed to transfer to the trustee certain securities and a sum in cash to be held in trust, the trustee to pay from the income of the trust fund to the petitioner during her lifetime or until her remarriage a fixed sum annually in equal monthly installments; petitioner agreed and declared in the trust agreement that the provision thus made for her was made and accepted in satisfaction and in bar of all claims for alimony and for dower. The respondent made the required transfers to the trustee who proceeded to execute the trust. After the entry of final decree in which the court made no adjudication on the prayer for alimony, the petitioner filed a motion for the entry of a decree granting to her alimony out of the respondent's estate. This motion was denied by a justice of the Superior Court who decided that the trust agreement had been made and accepted in lieu of alimony and was a bar to alimony. On appeal to this court it was decided that the construction of the agreement by the Superior Court was warranted; that the provisions of the trust agreement disproved the contention that it was the intention of the parties to call upon the court to fix the amount of the alimony or to invoke for its payment the summary processes of the court; that the intention of the parties was to rely solely on their agreement.

It is to be noted in the *Phillips* case that the payments of alimony were not to be made by the husband but by the trustee from the trust fund; also that the agreement as to alimony was not embodied in the decree of the court.

In the instant case the agreement has been made a part of the final decree of divorce. It is expressly stated in the decree that all questions of alimony, property rights, custody and support of the minor children "are hereby settled and determined." This language means something more than a mere approval of the agreement by the court. To deter-

mine the question of alimony means to decide it. The question of alimony or the amount thereof does not arise in court, except upon the motion of a party in interest. If the parties intended to rely exclusively on their agreement for the payment of alimony, the question at once arises as to the reason for making the agreement an integral part of the decree.

The trust agreement and the trust fund were evidently intended to be merely a security for the performance of the agreement of the parties. The beneficial use of and the right to change the securities in the trust fund were reserved to the husband and the wife could resort to this fund only if the husband failed to make the agreed payments. If petitioner had been content to rely solely on these agreements a different question would be presented.

The question of the custody and the support of minor children and of temporary support and alimony for the wife are by the statute confided to the jurisdiction of the Superior Court. When any one of these questions is presented to that court it can not be deprived of its jurisdiction by the mere agreement of the parties to the divorce proceedings.

The provisions with regard to the children in the decree before us are not irrevocable but are subject to change by the court. This is admitted. The provision for alimony in the decree made it a part of the judicial decree. It was intended to secure the consequential right to demand the enforcement of the decree by the special statutory and summary methods of enforcement.

In *Ward* v. *Ward*, 48 R. I. 60, the final decree of divorce contained a provision directing respondent to pay alimony to the petitioner in specified amounts at specified times for a period of ten years and also the provision: "This decree is entered by consent of the parties and with the approval of the court, with the understanding and on condition that the parties mutually agree to waive the right at any time hereafter to seek a modification thereof." This court decided that the Superior Court, on a motion made because

of a change of circumstances, had jurisdiction to modify the award of alimony in so far as the decree for alimony was executory; also that no exception is made by the statute as to consent decrees. See also *Brown* v. *Brown*, 48 R. I. 420; *Smith* v. *Smith*, 50 R. I. 278.

Our conclusion is that the Superior Court had jurisdiction for cause shown to amend or alter the award of alimony so far as it. is executory. No question is raised as to the exercise of the judgment of the court in reducing the amount of the alimony.

The appeal of the petitioner, Grace G. Reynolds, is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

HAHN, J., dissenting. The husband, by written contract with his wife who expected to obtain a divorce from him, agreed to pay her $45 per week so long as she should live and remain unmarried. The consideration for this contract included not only the fulfillment of his duty to support her but also a release of all her interest in his property, which was of substantial value. To secure performance of the agreement there were deposited with a trust company, in trust, certain securities over which the husband had no control save the right—subject to the approval of the trustee—to replace the same, in whole or in part, by other securities of equal value. As the value of the securities remained unchanged, the right to substitute other securities, although for the husband's convenience, in no manner diminished the security given for the performance of his agreement. In the agreement, which is carefully drawn, no variation of the amount payable, for any reason whatsoever, is provided for, and nowhere in this agreement is the future conduct or financial condition of either party made a ground for varying said amount.

At the time of entering the decree in which the above agreement for payments to the wife and the trust agreement were incorporated by reference, the court below made no

finding of fact as to the amount which should be paid to the wife for alimony or the value of her interest in her husband's estate; nor—so far as appears in the record—did the court investigate the husband's ability to pay $45 per week or any other sum.  This amount was fixed by the parties themselves in their contract which, from its context, purports to contain a complete and final agreement between them as to the amount payable by the husband and receivable by his wife.

At the hearing on the present petition the court found that the wife was not conducting herself properly and reduced the payment of $45 weekly, which the husband had agreed to pay, to $20 weekly.  As a reason for not making a greater reduction the court said:  "I don't want to put this woman on the street."  The fact that the wife conveyed to her husband her interest in valuable property as a part of the consideration for the husband's agreement to pay the $45 per week was not considered by the court. By the reasoning upon which the alimony was reduced, if petitioner's conduct improved, her allowance might be increased, and if the husband's conduct became improper the amount might be increased above the $45 per week originally stipulated; all this would be entirely consistent with the decision to decrease the alimony in absolute disregard of the express contract between the parties.  Yet it is clear that the future conduct of the parties, who were then living apart and expected to be divorced, was neither mentioned nor intended to be considered in fixing the amount to be paid by the husband under his contract with his wife.

In my opinion the method of enforcing a decree in a divorce case should in no manner be held to impair the obligation of a contract included as part of the decree. Incorporating the agreement in the decree must necessarily be by the consent of the parties.  Such incorporation was undoubtedly made for the purpose of preventing either party from disputing the legality of the agreement,—in short, to make it "stronger and more binding."  In view

of this fact, neither party should be permitted to claim that the reference to the agreement in the decree renders the agreement subject to change or destroys the binding effect thereof.

The rule enunciated in *Phillips* v. *Phillips*, 39 R. I. 92, construing contracts between husband and wife in the event of divorce, applies in full force and should be the law of the instant case. To rule otherwise is in effect to decide that our statute in regard to the collection of alimony impairs the obligation of a contract solemnly entered into between the parties, upon a sufficient consideration, a substantial part of which was the conveyance by the wife to her husband of her valuable interest in his estate.

For the reasons stated, I am of the opinion that the appeal of the petitioner should be sustained.

SWEENEY, J., concurs in the opinion of HAHN, J.

*Russell H. Hawkins*, for petitioner.

*Tillinghast & Collins, Harold E. Staples, Lee A. Worrell,* for respondent.