Fannie MONTGOMERY, Appellant,

v.

William Luther MONTGOMERY, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1958.

Earle B. Fowler, Louisville, for appellant.

Berry & Floyd, New Castle, for appellee.

MILLIKEN, Judge.

May a fully satisfied written agreement between former spouses which was intended to modify an award for alimony and maintenance rendered at the time of divorce be a complete bar to the recovery of unpaid alimony installments which have accrued under the unmodified, original award of the court?

In 1937 the appellant was granted a judgment of divorce, and was awarded alimony and custody of the parties' infant children by the Shelby Circuit Court. Upon that judgment she obtained an execution on February 12, 1941, which was levied on land in Henry County, the record title to which was in the name of Octavia Montgomery, appellee's second wife.

The appellant filed a suit on February 14, 1941, in the Henry Circuit Court against appellee, Octavia Montgomery and the Eminence Building & Loan Association to set aside the deed to Octavia Montgomery, claiming it had been made to her by appellee in fraud of the appellant's rights under the divorce decree. Without any other pleadings the parties filed an Agreed Judgment dismissing the action as to the defendant Octavia Montgomery, and adjudging her the sole owner of the property levied upon.

In addition, this Agreed Judgment provided "That as to the balance of Eleven Hundred Dollars ($1,100) due on the judgment of the Shelby Circuit Court in the case of Fannie Montgomery v. W. L. Montgomery that the same has been paid and fully satisfied and that all sums due on said Judgment until the first day of October, 1941, have been paid and fully satisfied and that the said Judgment shall be so credited." This Agreed Judgment further provided that the appellee pay $15 to appellant by the tenth of the month for thirty-six consecutive months for the care and support of their minor child, and if he did so the judgment in the Shelby Circuit Court "shall be paid and fully satisfied and released," but in the event appellee did not so pay the judgment "shall be considered in full force and effect from the first (1) day of October, 1941." The youngest of the children protected by the original order reached her majority in 1949, and it was not until 1955 that the present attempt to recover $9,670, alleged arrearages under the original divorce decree, was begun.

■■■ We agree with the chancellor that the Henry Circuit Court had jurisdiction of the parties and that the 1941 Agreed Judgment entered in that action had no retroactive effect, and served only to modify, by agreement, the amount of future installments to be paid. The Henry Circuit Court was merely a vehicle in enforcing the judgment of the Shelby Circuit Court, not in modifying it. The modification of the judgment of the Shelby Circuit Court was made by the parties in reaching a compromise settlement of their differences. The parties are adults and are legally capable of compromising their differences. Since the compromise has been satisfied, it is a bar to this action for recovery. Suffice it to say, we find here no bar to any right to support any of the children may still have. See Stewart v. Sandifur, Ky., 294 S.W.2d 923; Carter v. Netherton, Ky., 302 S.W.2d 382; 6 A.L.R. 2d page 1299.

The judgment is affirmed.