263 A.2d 98.
OSCAR MENARD, JR. *vs.* HELEN R. MENARD.

MARCH 13, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This petition for an absolute divorce on the ground of willful desertion was denied and dismissed after a hearing in the Family Court. The petitioner is now in this court prosecuting an appeal from that decision.

It appears that in July of 1960 respondent left the marital domicile, taking with her the four minor children of the parties, and that she has since maintained a separate domicile. The instant petition charges respondent with having willfully deserted petitioner for a period of five years. However, the trial judge found that the parties had not lived separate and apart for a period of five years but had been separated "actually less than four years." The pertinent statute, G. L. 1956, §15-5-2, provides for the granting of absolute divorces on several grounds, one of these being "* * * wilful desertion for five (5) years of either of the parties, or for such desertion for a shorter period of time in the discretion of the court * * *."

It is clear, then, that the trial justice, in effect, was saying that he was without jurisdiction to grant the petition on the ground of willful desertion for a period of five years. It is clear also that he refused to exercise the judicial dis-

cretion conferred on him by the statute to grant the petition for willful desertion for a period of less than five years. In so doing he found that the conduct of petitioner had justified respondent in leaving the marital domicile and living separate and apart.

We are persuaded that what the trial justice did here was to find that petitioner had failed to establish that he himself was free of fault in the circumstances, and for that reason declined to exercise his discretion to grant a divorce. It is the rule in this state that a petitioner for divorce must not only establish fault on the part of the respondent, which would constitute a ground for divorce, but must also establish his own freedom from fault in matters relating to the marital relationship and to the grounds upon which he relies. *Comery* v. *Comery,* 76 R. I. 191, 68 A.2d 93. Unquestionably had this action been brought by respondent against petitioner, it would be incumbent upon her to establish her freedom from fault, which would require her establishing justification for her departure from the marital domicile.

It is to be noted that the freedom from fault which a petitioner must establish in order to prevail is not limited to recriminatory offenses of such a character as would entitle the respondent to a divorce. We have held that the freedom from fault which a petitioner is required to prove in order to obtain a divorce not only includes recriminatory offenses but also requires a showing of "* * * an absence of any conduct that is either repugnant to the marriage covenant or is provocative of domestic discord." *Lannon* v. *Lannon,* 86 R. I. 451, 454-455, 136 A.2d 608, 610. In short, it was the burden of petitioner here to establish that his conduct was not such as to provoke the conditions which caused respondent to leave the marital domicile.

Whether petitioner's conduct constituted fault on his part that would serve to justify respondent's living sepa-

rate and apart was a question of fact to be determined by the trial justice. *Whitcomb* v. *Whitcomb*, 86 R. I. 62, 133 A.2d 746. Here the trial justice resolved this question adversely to petitioner, and, unless he was clearly wrong in that he overlooked or misconceived material evidence on a controlling issue, this court will not disturb his decision. *Castelli* v. *Castelli*, 82 R. I. 232, 107 A.2d 284. In seeking to meet the burden of establishing that the trial justice was clearly wrong and did misconceive the material evidence, petitioner challenges the validity of the inferences that the trial justice drew from the testimony.

The thrust of petitioner's argument is that the inference drawn by the trial justice from the evidence relating to his misconduct is not a reasonable inference. To put it otherwise, he argues that the evidence adduced on the question of his conduct is not susceptible of the inference drawn therefrom by the trial justice and does not support his conclusion that continued cohabitation would be injurious to the health and self-respect of respondent.

The evidence here was adduced through the testimony of respondent and her minor daughters, and related to petitioner's consorting with another woman who was a fellow employee and with whom he had been seen on several occasions. It was from this evidence that the trial justice drew the inference "* * * that there were disputes and arguments, and apparently some nagging, over a period of time, relating to Olive Thurston." It was from these inferential facts that the court concluded that respondent was justified in leaving the marital domicile, that is, that petitioner had failed to prove that he was free from fault provocative of the situation which caused respondent to leave the family domicile.

It is fundamental that a trier of the facts may draw reasonable inferences from evidentiary facts in order to establish legal proof. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269,

197 A.2d 305; *Redding* v. *Picard Motor Sales, Inc.,* 102 R. I. 239, 229 A.2d 762. In this state we have held that evidence may be susceptible of alternative reasonable inferences that could have been drawn by the trial justice. However, in *Peloquin* v. *Arden Engineering Co.,* 104 R. I. 671, 248 A.2d 316, 318, we took the view "* * * that the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by a trial justice of one of such inferences as probative of the issue."

This is not to say that the probative force of the selected inference may not be negated by a showing of the susceptibility of the evidentiary fact to other inferences that have probability in such degree as to adversely affect the probative force of the inference selected. However, it is the burden of him who challenges the inference drawn by the trial justice to so negate that inference by showing that its probative force is negated by the greater plausibility and probability of the alternate inference. As we said in *Labbe* v. *Hill Brothers, Inc., supra*: "But the mere existence of contrary inferences in which probability inheres is not controlling on the acceptance by the trial justice of one of such inferences as probative of the fact in issue." 97 R. I. at 275, 197 A.2d at 309.

We have subjected the evidence here to close scrutiny in the light of the cases referred to above, and it is our conclusion that such evidence is susceptible of the inference drawn by the trial justice and that the inference he did draw was entirely reasonable. We cannot agree with the petitioner's contention that other inferences, to which the evidence is susceptible and which might have reasonably been drawn thereform, would negate the probability and probative force of that drawn by the trial justice.

The appeal of the petitioner is denied and dismissed, and the decision of the Family Court is affirmed.

*Woolley, Blais & Quinn, Ronald R. Gagnon,* for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent.