353 A.2d 623.
ESTHER F. ARONSON *vs.* EDWARD ARONSON.

MARCH 26, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

218

DORIS, J. This is an appeal from a Family Court decree denying a motion to suspend support payments for a minor child.

On December 21, 1973, a final decree was entered in the Family Court under the terms of which Esther F. Aronson was granted a divorce from Edward Aronson on the ground of extreme cruelty. The wife (petitioner) was awarded custody of Joel, the minor son of the parties, and the husband (respondent) was ordered to make support payments for the benefit of Joel. On February 1, 1974, respondent filed a petition to adjudge petitioner in contempt and also to suspend support payments ordered by the final decree. On February 8, 1974, petitioner filed a petition to adjudge respondent in contempt for failure to make support payments. On March 15, 1974, after hearing before a Family Court justice, a decree was entered adjudging respondent in contempt for failure to make support payments in the amount of $350, denying respondent's petition to adjudge petitioner in contempt, and

also denying and dismissing respondent's petition to suspend support payments for the minor child. The respondent has appealed to this court the denial and dismissal of his petition to suspend support payments.

We first consider respondent's contention that the trial justice erred in his interpretation of a certain provision in the final decree of divorce entered on December 21, 1973, the pertinent provisions of which read as follows:

> "4. The respondent is ordered to pay to the petitioner $50 per week for the support of the boy, said payments to continue even beyond the boy's attaining age 18 and while the boy will be in college for four years and while the respondent is gainfully employed."

The respondent argues before us as he did in the Family Court that the language of the decree is clear and unambiguous and that payments for support are conditioned upon respondent being gainfully employed. The petitioner, on the other hand, contends that respondent is obligated to make support payments of $50 weekly, and that the language of the decree is clear that support after the minor child reaches 18 years is conditioned upon the child attending college for four years and also conditioned on respondent being gainfully employed.

The regulation of the custody and the provision for the support of minor children, whether provided for by a final or interlocutory decree, is always subject to the control of the court. *Reynolds* v. *Reynolds*, 53 R. I. 326, 166 A. 686 (1933); *Budlong* v. *Budlong*, 51 R. I. 113, 152 A. 256 (1930).

The trial justice interpreted the language in the decree to mean that respondent was to pay support for his minor son in the amount of $50 weekly until he reached the age of 18 years. He further interpreted the language to mean that after the son reached the age of 18 years, respondent was to continue support payment for four years while the

son was attending college, conditioned upon respondent being gainfully employed. In other words, he concluded that the condition of gainful employment was to be a factor only after the son attained the age of 18 years and was attending college. It is clearly within the authority of the Family Court justice to interpret the decree.

No agreement between the parties can deprive the Family Court of its jurisdiction over the support of their children. *Masse* v. *Masse,* 112 R. I. 599, 313 A.2d 642 (1974). We see no reason to disagree with the trial justice's interpretation.

The trial justice found that respondent was not gainfully employed at the time of the hearing of the petition to suspend payments. He also found that respondent was not gainfully employed either at the time of the entry of the temporary decree or of the final decree. In other words, there was no change in his circumstances as to gainful employment. He further found that respondent was in possession of $8,000 and that he was receiving the sum of $51 monthly as a government disability pension. On these findings, the trial justice concluded that respondent had the duty to continue the support payments until the minor child attained the age of 18 years.

After examining the record, we are convinced that the evidence supports his findings and that he neither overlooked nor misconceived material evidence nor misapplied the applicable law. We therefore affirm his findings and the decision and decree based thereon.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the case is remitted to the Family Court for further proceedings.

*Max Levin, Louis Baruch Rubinstein,* for petitioner.

*Gelfuso and Cappalli, Inc., A. William Gelfuso, Paul A. Sassi,* for respondent.