Louis VAILLANCOURT

v.

Virginia A. VAILLANCOURT.

No. 79–468–Appeal.

Supreme Court of Rhode Island.

Aug. 4, 1982.

Hall, D'Addario & Machtley, Richard P. D'Addario, Newport, for plaintiff.

Sheffield & Harvey, Brian B. Bardorf, Newport, for defendant.

## OPINION

MURRAY, Justice.

On October 21, 1974, a final decree granting the defendant, Virginia A. Vaillancourt (Virginia), a divorce from the plaintiff, Louis A. Vaillancourt (Louis), was entered in the Family Court. This decree bound both parties to a separate written property settlement that had been executed on April 17, 1974. The property settlement divided the Vaillancourts' property and established that Louis would pay Virginia $375 per month as alimony until May 2, 1988, or until she remarried, whichever occurred first. The property settlement also granted Virginia custody of the couple's four children and provided that Louis pay varying amounts of child support for each child until they reached the age of twenty-one or became emancipated.

In November 1978 Virginia filed a motion to adjudge Louis in contempt for failure to pay $4,681 in child support and alimony.[1] Subsequently, however, the parties met and entered into an amended final decree, effective November 30, 1978, which required Louis to pay Virginia the sum of $5,100 "[i]n full and final settlement of all the rights, obligations and responsibilities between the parties, including the various disputed issues raised by the motions pending herein * * *." Louis also agreed to pay alimony to Virginia in the amount of $150 per month until November 30, 1979, or until Virginia remarried, whichever occurred sooner. The only child-support provision in the amended final decree required Louis to

1. Virginia later claimed that this figure should have been $6,453. She explained that the attorney who had represented her at the time miscalculated the amount of arrearages. Louis in turn claimed that even the amount of $4,681 was excessive because it claimed support arrearages for children who had reached the age of twenty-one or who were emancipated.

pay for tuition and books in connection with his daughter Lynne's nursing education.

Louis paid the agreed amount to Virginia in three payments—$1,000 in November, $1,000 in December, and the balance of $3,100 on January 30, 1979. Shortly before she received the last payment, Virginia notified Albert L. Greenberg, the attorney who was then representing her, that she had changed her mind about the agreement. She instructed Mr. Greenberg not to enter the final decree; however, she accepted the final payment, as well as the $150-per-month alimony checks. Mr. Greenberg acceded to his client's wishes and did not enter the amended final decree.

On March 13, 1979, Virginia again filed a motion to adjudge Louis in contempt of the final decree. On May 25, 1979, Louis filed both a motion to enter the amended final decree and an objection to Virginia's motion to adjudge him in contempt. Both matters were heard on May 31, 1979, by a justice of the Family Court who denied Virginia's motion and granted Louis's motion. The amended final decree was entered on August 16, 1979 and Virginia duly filed an appeal to this Court.

The first issue raised by Virginia challenges the validity of the amended final decree on the grounds that it was unfair and that it was not approved by a justice of the Family Court. In her second claim of error Virginia argues that approval by the Family Court is also essential to the validity of an agreement in which future support for minor children is waived.

■ Virginia's arguments notwithstanding, the principle of accord and satisfaction is dispositive of both elements of her claim. In *Masse v. Masse*, 112 R.I. 599, 604, 313 A.2d 642, 645 (1974), this court recognized "that a judgment is a proper subject matter for a release or an accord and satisfaction which will bind the parties if fully complied with and supported by sufficient consideration." *See id.* n.2 (*quoting* G.L. 1956 [1969 Reenactment] § 9–21–2, which provides in pertinent part: "On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order, decree, or proceeding entered therein for the following reasons: * * * (5) the judgment has been satisfied, released or discharged * * *.")

The amended final decree signed by Virginia and Louis clearly stated that Louis would pay the amount of $5,100 to Virginia "in full and final settlement" of the disputed amount of arrearages. Moreover, Virginia acknowledges that Louis complied with this provision and with that obligating him to pay her $150 per month as alimony.

■ Virginia's claim that her waiver of future child support was invalid must also fail. It is true that the support of minor children is always a matter subject to judicial control. *Masse v. Masse*, 112 R.I. at 605, 313 A.2d at 646; *Reynolds v. Reynolds*, 53 R.I. 326, 329, 166 A. 686, 688 (1933). However, contrary to Virginia's assertions, the two youngest children, Lynne and Michael, were no longer minors when their parents entered into the disputed agreement.[2] Lynne was well over twenty years of age and Michael had just had his nineteenth birthday.[3] Thus, the agreement entered into by Virginia and Louis on November 30, 1978, operated as a release from all provisions of the final divorce decree entered in 1974.

The defendant's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Family Court.

2. General Laws 1956 (1981 Reenactment) § 15–12–1 changed the age of majority in Rhode Island from twenty-one to eighteen. This section was enacted in 1972 (P.L.1972, ch. 20, § 1), more than two years before the date of the final divorce decree.

3. According to the original property settlement agreement, the respective birth dates of Lynne and Michael were April 6, 1958, and October 17, 1959.