NOEL PICHE *et ux. vs.* WALTER M. ROBBINS.

PROVIDENCE—JULY 18, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Deceit.   False Warranty.*

To an action on the case for deceit upon a false warranty, the lack of knowledge of defendant of the falsity of his warranty is no defence.

(2)  *Procedure.   Objections to Declaration.*

After pleas, trial, and verdict, defendant's objection that the declaration was not filed in time, as required by the statute, comes too late.

TRESPASS ON THE CASE for deceit upon a false warranty. Heard on petition of defendant for new trial, and petition denied.

STINESS, C. J.   The plaintiff has a verdict against the defendant in an action for deceit upon a false warranty that a lot, sold by him as an officer or agent of the Home Building Company, was free from incumbrance, and the defendant petitions for a new trial.

The evidence shows that the parties made a bargain for the lot July 3, 1896, when a portion of the purchase money was paid, and that the deed was given September 8, 1896, when the payment had been completed.   Meanwhile, on July 21, 1896, a mortgage on said lot was executed by the Home Building Company, and recorded ; but said mortgage was intended

to be on an adjoining lot, and the defendant testified that it was made on the lot in question by mistake and without his knowledge that it did apply to the lot in question, although he was one of the officers of the company who signed it.

The plaintiff discovered the existence of this mortgage on the lot in 1899.

Upon the merits of the case, the defendant relies on the lack of fraudulent intent, claiming that the plaintiff, in order to be entitled to recover, must show that the defendant knew of the falsity of his warranty. He states in his brief : "There is practically no dispute . . . that the plaintiff asked about the title and the statement made, or the idea conveyed that the deed was free and clear from incumbrance ; that the mistake was not discovered that the mortgage covered the lot sold to Piche, until four years after the transaction had taken place."

(1)        The rule established by this court in *Place* v. *Merrill*, 14 R. I. 578, was that in an action for false warranty, whether in assumpsit or case in tort, a *scienter* need not be averred by the plaintiff, and if averred need not be proved. That case was affirmed in *Fogarty* v. *Barnes*, 16 R. I. 627, and *Ingraham* v. *Union R. R. Co.*, 19 R. I. 356. The same rule was recognized, by way of exception, in *White* v. *Fitch*, 19 R. I. 687. These cases dispose of this branch of the case. The action is case, for deceit upon false warranties. If the defendant asserted a fact as true at the time of the sale, which was not true, the plaintiff was equally deceived, whether the assertion was made in good faith or not. The rule followed in *Place* v. *Merrill*, is that an assertion of fact, to be relied on by a purchaser, is a breach of warranty which may be sued in tort, whether the truth of the statement is known or unknown by the seller. In such cases the assertion is equivalent to the assumption of its truth. *Hunt* v. *Barker*, 22 R. I. 18 ; *Handy* v. *Waldron*, 18 R. I. 567. The time of the sale was at the deed of the lot, and at that time the assertion was not true. Aside from the application of this rule, however, we think the verdict was not against the evidence upon the ground of knowledge by the defendant. He signed the mortgage that covered this lot, and

the jury may well have believed that he had knowledge of the fact. It would be an easy defence, if, in such cases, a defendant could excuse himself by saying: "I had signed another deed, but I had forgotten it." While honest mistakes of this kind are possible, the fact of such mistake should very clearly appear.

(2)     The defendant also urges that the declaration was not filed in time as required by statute. Assuming this to be so, the point is raised too late, after pleas, trial, and verdict without objection. *Cooke* v. *Second Universalist,* 7 R. I. 17 ; *Saunders* v. *Pendleton,* 19 R. I. 292.

The exception to the admission of plaintiff's testimony is immaterial. He testified that he had a chance to sell the lot, but could not do so on account of the mortgage. The point of the testimony was that he then first knew of the incumbrance on his land. It was incidental, simply, to that fact, and did not affect any substantial question in the case, nor tend to prejudice, in any way that we can see, the interests of the defendant. The same is true as to the admission of the receipt book between the plaintiff and the Home Building Company, which was put in to show the fact of his payment.

The defendant refers, in his brief, to the introduction of a letter written by him to the plaintiff's attorney.

We think the letter was admissible in corroboration of the claim of a warranty by the defendant.

We see no ground for holding that the damages were excessive. The verdict was for less than the price of the lot, and the damage is the existence of a mortgage for $600 thereon. It is not clear from the testimony that the verdict was even adequate ; much less that it was excessive.

Petition for new trial denied.

*Leon L. Mott and Frank H. Bellin,* for plaintiff.

*C. J. Farnsworth,* for defendant.