**Dennis C. McGOVERN et al.**

v.

**Raymond E. CROSSLEY et al.**

**No. 82–210–Appeal.**

Supreme Court of Rhode Island.

June 22, 1984.

Leo J. Dailey, Nolan & Dailey, Coventry, for plaintiffs.

Bruce G. Pollock, Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action in deceit brought by the plaintiffs wherein they seek damages for a defective fireplace. The case was tried before a justice of the Superior Court sitting without a jury. The trial justice found for the plaintiffs, and judgment was entered. The case is before us on the defendants' appeal.

The record reveals that sometime in August of 1978, defendants and plaintiffs signed a purchase and sale agreement wherein plaintiffs agreed to buy and defendants agreed to sell real estate located at 8 Maplewood Drive, Coventry, Rhode Island.

Prior to the execution of the agreement, plaintiffs viewed defendants' home. At that time, defendant stated that the fireplace was always operative, that it was used during the winter seasons, and that they burned in the vicinity of three cords of wood each winter. In the fifteen years that defendants had ownership, the fireplace was never cleaned.

In April of 1979, plaintiffs purchased defendants' home for the sum of $59,000. Shortly after moving into the premises, plaintiffs decided to install a wood-burning stove. However, in order to make this possible, certain repairs had to be made. Thereupon, plaintiffs contacted a mason, as well as several contractors, and the town fire chief. A mason, Mr. Miller, found several defects in his examination of the chimney and it was in his considered judgment necessary to replace the fireplace, deeming it unsafe.

He further testified that unless one went behind the rafters, no one could be aware of the problem. In order to recognize the deficiencies, he stated, one would have to be an expert. His examination disclosed that gases and smoke had passed through the cracks in the mortar of the chimney numerous times and that this was caused by extreme use evidenced by the darkness of the smoke markings on the rafters.

Raymond Crossley, in turn, testified that the fireplace was frequently used and several other witnesses corroborated this defendant's testimony. In addition, the fire inspector of the town of Coventry testified that properly installed red bricks are as safe as properly installed fire-brick in a chimney and he denied that he informed plaintiffs that they should not use the fireplace.

At the conclusion of the submission of all the evidence by plaintiff, defendants moved for an involuntary dismissal pursuant to Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. However, the trial justice denied the motion, and subsequently found for plaintiffs on a strict liability theory of false warranty. He found that the state-

ments made by defendants were not true. He made no finding that the misrepresentations were intentional.

The defendants on appeal submit the following issues: (1) whether the trial justice, in considering the case applied the incorrect law; (2) whether the trial justice, in denying the motion to dismiss pursuant to Rule 41(b)(2), was in error.

## I

The defendants assert that the trial justice incorrectly applied the law to the facts of this case. We agree.

In *Halpert v. Rosenthal,* 107 R.I. 406, 412, 267 A.2d 730, 733 (1970), this court stated that one "who has been induced by fraud to enter into a contract may pursue either one of two remedies." He may rescind the contract or affirm the contract and sue for damages in an action for deceit. *Id.* An action for rescission may be based upon an innocent misrepresentation of a material fact. *Id.* An action for deceit sounds in tort and requires that a defendant have knowledge of the falsity of the statements and an intent to deceive. *Id.* In the instant case, plaintiffs decided to sue for damages in deceit. Accordingly, they were required to prove that defendants, in making their statements, knew they were false, intending to deceive plaintiffs. *Id.*

However, the trial justice, in arriving at his decision, relied on *Piche v. Robbins,* 24 R.I. 325, 53 A. 92 (1902), stating "it is not necessary for the injured party to prove that the defendant knew that the statement was untrue, and if the injured party allege [sic] that the defendant knew the statement to be untrue it is not necessary for the injured party to prove that the defendant knew it was untrue." His reliance on the state of the law as in *Piche* was completely erroneous.[1] It has been well established in this jurisdiction that one

who sues in an action for deceit has the burden of proving that the statements made were known to be false when spoken. *Halpert v. Rosenthal,* 107 R.I. at 412, 267 A.2d at 733.

## II

The defendants, on appeal, contend that their motion to dismiss pursuant to Rule 41(b)(2), on the ground that plaintiffs failed to prove an intentional misrepresentation should have been granted and that the trial justice erred in denying the motion.

In deciding the merits of a motion for an involuntary dismissal pursuant to Rule 41(b)(2), in a non-jury case, the trial justice considers the weight of the evidence as well as the credibility of the witnesses, and he may draw any reasonable inferences based upon the evidence. *Judd Realty, Inc. v. Tedesco,* R.I., 400 A.2d 952, 955 (1979). If at the close of a plaintiffs' case, the plaintiff fails to establish a right to relief, the trial justice under Rule 41(b)(2) has the authority to grant the motion to dismiss. *Id.*

Upon review of the trial justice's decision in such a case, it is our duty to determine whether his findings are supported by the evidence or whether he misconceived or overlooked any material evidence. We also must decide whether he was correct in his application of the rules of law. *Fryzel v. Domestic Credit Corp.,* 120 R.I. 92, 98, 385 A.2d 663, 666 (1978).

In the case before us, a review of the record discloses that the evidence does not support the findings of the trial justice.

The plaintiffs' expert witness testified that the fireplace had definite signs of use through the years as evidenced by the markings throughout the bricks. The record is clearly devoid of any evidence that defendants had made any material representation knowingly and with intent to deceive plaintiffs.

---

**1.** Our decision in *Halpert v. Rosenthal,* 107 R.I. 406, 267 A.2d 730 (1970) necessarily overruled

*Piche v. Robbins,* 24 R.I. 325, 53 A. 92 (1902).

**104**

We, therefore, conclude that the trial justice misconceived and overlooked material evidence and was clearly wrong. We also determine that the trial justice applied the incorrect rule of law. Accordingly, we hold that the trial justice erred in his failure to grant the defendants' motion to dismiss in accordance with Rule 41(b)(2).

The defendants' appeal is sustained, the judgments appealed from are reversed, and the case is remanded to the Superior Court for entry of judgment on behalf of the defendants.