[1] OPINION
[2] Cathy Pari filed a complaint for divorce from her husband, the defendant Thomas Pari. The grounds for divorce were irreconcilable differences. The defendant never answered the divorce complaint or participated in the hearing on the divorce. The divorce was granted in the form of a Decision Pending Entry of Final Judgment. Among items the court awarded to the plaintiff were child support and the marital domicile. This divorce judgment, in the form of a Decision Pending Entry of Final Judgment, is not appealed. Upon receiving notification that the divorce had been granted and assets distributed, the defendant obtained an attorney and filed a motion to vacate the judgment under Rule 60(b) of the Rules of Procedure for Domestic Relations. This motion was denied. It is the denial of this motion that the defendant appeals both by direct appeal and through a writ of certiorari. The appeal and the writ have been consolidated in the present case. We affirm the judgment below and quash the writ heretofore issued.
[3] The facts are as follows. Cathy and Thomas Pari married on February 13, 1977. The couple had two children, the second of whom was born November 24, 1984. Prior to October of 1985, defendant was a production manager earning $375 per week. He left that job to start his own business in November of 1985. Differences arose between the spouses due to their financial situation. On approximately June 1, 1986, the Paris separated. Approximately five months later, Cathy Pari filed a complaint for divorce. The defendant was personally served with the divorce complaint and summons. The spouses and Cathy Pari's lawyer attempted to settle their affairs regarding property distribution and support. On one occasion, defendant brought books and records from his business for plaintiff and her attorney to examine. However, the parties could not reach an amicable settlement. Both parties agree that plaintiff's lawyer advised Thomas Pari that the divorce could and would be contested and urged him to retain an attorney. On June 10, 1987, a hearing was held on the divorce complaint.
[4] Thomas Pari was not present at the hearing. He also did not file an appearance in the divorce action or obtain representation by an attorney until after the Decision Pending Entry of Final Judgment was entered. At the hearing, Cathy Pari testified that during the marriage she had always been the primary caretaker of the two children while also working outside the home. She testified that she was earning approximately $95 net per week from her job, but that she was in a temporary position that would soon terminate. The marital domicile was in both spouses names and it had been purchased with joint funds. During the marriage both Cathy and Thomas Pari contributed to mortgage payments of $465 monthly. Cathy Pari also testified that it was she and her father who primarily attended to the upkeep of the house. Although plaintiff did not testify on this topic, the house was a duplex, half of which was rented for $375 monthly. At the *Page 634 
hearing, Cathy Pari submitted a DR6 form, which is a document used in divorce proceedings to set forth the assets of each party. The rental information was listed on the DR6 form.
[5] As to her husband's earnings, Cathy Pari testified that before going into business for himself, Thomas Pari was earning $375 gross per week. She stated that she did not know how much he was making now that he had started his own business. The defendant had been contributing support money voluntarily since he left. The plaintiff testified that at present he was contributing $80 per week, but the DR6 form listed his support payments as $100 per week.
[6] In the Decision Pending Entry of Final Judgment entered on June 15, 1987, the trial justice granted the divorce. He awarded custody of the children to plaintiff, and ordered defendant to pay support of $100 per week plus an additional $100 per week toward child-care expenses. The trial justice awarded the marital domicile, its furnishings, and a car to Cathy Pari. The defendant was ordered to maintain health insurance for plaintiff and the two children. Thomas Pari was notified of these results by mail.
[7] On June 22, 1987, an attorney entered an appearance for defendant. On July 29, 1987, defendant's attorney filed a motion to vacate the judgment on the grounds of excusable neglect, fraud, and misrepresentation, along with an affidavit signed by Thomas Pari setting forth facts that could constitute a meritorious defense. A hearing on the motion to vacate was held. At that hearing, Cathy Pari testified that her old job had terminated, and in August of 1987 she found a new position. She also stated that the reason she did not testify about her rental income at the earlier divorce hearing was because when she was questioned about her income, she thought these questions referred to wages. Thomas Pari also testified, stating that prior to the divorce hearing he was contributing child support of over $80 per week, and that at the time of the divorce hearing plaintiff was aware of his income from his new business. The motion to vacate was denied. The defendant filed a notice of appeal of the denial of this motion. Because of defendant's uncertainty as to whether a ruling on a motion to vacate was appealable, a petition for a writ of certiorari was also filed. The denial of a motion to vacate is appealable. The petition for writ of certiorari was granted and has been consolidated with the appeal.
[8] There are two issues presented. First, whether the trial justice erred in denying defendant's motion to vacate the Decision Pending Entry of Final Judgment because of excusable neglect, fraud, or misrepresentation. Second, whether the trial justice erred in applying the equitable-distribution statute as he applied the statute to erroneous facts. We find no error and affirm the judgment below.
 I
[9] A motion to vacate a judgment rests within the sound discretion of the trial court and a trial court's ruling on such a motion will be reversed only upon a demonstrated and clear abuse of discretion. O'Hearn v. O'Hearn, 506 A.2d 78, 79-80 (R.I. 1986). Rule 60(b) of the Rules of Procedure for Domestic Relations sets forth the circumstances under which a judgment may be vacated. It affords relief from a final judgment on a number of bases, including excusable neglect, fraud, and misrepresentation. The Rule states:
 "[T]he court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) * * * excusable neglect * * * (3) fraud * * * misrepresentation * * *."
[10] The wording of Rule 60(b) of the Rules of Procedure for Domestic Relations and the wording of Rule 60(b) of the Superior Court Rules of Civil Procedure are identical. In re Lisa Diane G.,537 A.2d 131, 133 (R.I. 1988). Rule 60(b) is meant to provide a single procedural means for seeking relief from judgments that have become final. Reporter's Notes, R. of Proc. for Dom. Rel. 60; Reporter's Notes, Super. R. Civ. P. 60. As both Rules have identical wording and purpose, Superior Court *Page 635 
precedents regarding its Rule 60(b) may be drawn upon to interpret Rule 60(b) under the Rules of Procedure for Domestic Relations.
 A
[11] Excusable neglect that would qualify for relief from judgment is generally that course of conduct which a reasonably prudent person would take under similar circumstances. Clergy and LaityConcerned v. Chicago Board of Education, 586 F. Supp. 1408, 1410 (N.D. Ill. 1984). Case law setting forth what constitutes excusable neglect under Superior Court Rule 60(b) includes Kingv. Brown, 103 R.I. 154, 235 A.2d 874 (1967). In King, an attorney's unexplained failure to defend in an action in which a final judgment had been entered did not constitute grounds for relieving the defendant from a default judgment. Id. at 156-57, 235 A.2d at 875-76. However, a case in which a court properly set aside a default judgment is Greco v. Safeco Ins. Co.,107 R.I. 195, 266 A.2d 50 (1970). In Greco, the complaint and summons were served on the state insurance commissioner, who immediately forwarded them to the home office of the defendant corporation in Seattle, Washington. Id. at 198, 266 A.2d at 52. The papers were then forwarded to a regional office in New Jersey, from whence they were forwarded to the local office in Providence. Once back in Rhode Island, the complaint and summons were mailed to the company's attorney who promptly filed an answer, not knowing that the default judgment had already been entered. Id.
The corporation's actions were held to constitute excusable neglect.
[12] It is true that excusable neglect required under the Rules of Procedure for Domestic Relations to set aside a Family Court judgment may be a less stringent standard than that which is needed to set aside other types of default judgments. SeeCarvalho v. Carvalho, 97 R.I. 132, 137, 196 A.2d 164, 167 (1963). However, in both the Family Court and the Superior Court, unexplained neglect alone will not justify granting a motion to vacate. Accord Graham Architectural Products Corp. v. M JConstruction Co., 492 A.2d 150, 151 (R.I. 1985). Similarly, in both courts the existence of excusable neglect is a question of fact and must be established by evidence. Id.
[13] In the case at bar, defendant maintains that his conduct in not answering the divorce complaint was excusable neglect. He states that although he did participate in settlement negotiations, he did not retain an attorney to answer the divorce complaint because he could not afford to pay one. Thomas Pari also maintains that he did not enter an appearance in the divorce proceeding because he did not know what constituted an appearance. However, in light of the undisputed fact that defendant received the divorce complaint and summons, at a minimum he could have visited the Family Court and sought advice on how to represent himself. There is conflicting testimony as to whether Thomas Pari was aware of the date of the divorce hearing. However, even if defendant was not informed of the date of the hearing, he could have secured this information by telephoning the Family Court. Thomas Pari could have attended the hearing and told the trial justice that he wished to participate in the proceedings. Had defendant attended and spoken with the trial justice, we believe that the trial justice would have informed him what was required to enter an appearance. In sum, defendant made no effort to participate in the divorce proceedings, and his participation was not precluded. The trial justice hearing the motion to vacate concluded that the record presented no evidence establishing facts that constitute excusable neglect. We find no error by the trial justice in the denial of the motion to vacate based on excusable neglect.
 B
[14] Another ground on which a judgment may be vacated under Rule 60(b) is fraud. Under tort law, one definition of deceit (or fraud) is a false representation of a material fact, with knowledge of the falsity of the representation, and an intent to deceive. See McGovern v. Crossley, 477 A.2d 101, *Page 636 
103 (R.I. 1984); accord 3 Restatement (Second) Torts § 526 (1977). In regard to fraud in the sense of perjured testimony, the Supreme Court of New Jersey in an opinion by Judge (now Justice) Brennan has held:
 "Perjured testimony that warrants disturbance of a final judgment must be shown * * * not false merely, but to have been wilfully and purposely falsely given, and to have been material to the issue tried and * * * probably to have controlled the result." Shammas v. Shammas, 9 N.J. 321, 330, 88 A.2d 204, 208 (1952).
[15] An example of conduct that constitutes fraud under Rule 60(b) isFriendly Home, Inc. v. Shareholders and Creditors of RoyalHomstead Land Co., 477 A.2d 934 (R.I. 1984). In Friendly Home,
the plaintiff brought an action to quiet title of a parcel of land. Id. at 935. Among those parties having an interest in the parcel were two defunct corporations. Id. The plaintiff averred that personal service could not be had on the shareholders of these corporations as their identities were unknown. Id. On appeal, the granting of a motion to vacate the judgment under Superior Court Rule 60(b) was deemed the proper remedy in light of ample evidence that the plaintiff knew the identities of the shareholders and thus had perpetrated a fraud upon the court.Id. at 938. We now turn to an examination of whether fraud was present in the instant case.
[16] The defendant alleges plaintiff testified fraudulently with respect to the financial positions of the parties. Specifically defendant asserts that Cathy Pari committed fraud with respect to four items. These items are: first, that her job would end the day after the hearing, second, that she did not disclose rental income, third, that she understated the amount of child support, and, fourth, that she misrepresented defendant's income.
[17] First, it is true that at the June 10, 1987 hearing, Cathy Pari stated that her job was a temporary one, and would terminate the day after the hearing. The defendant now asserts that her job was not terminated. However, we do not believe that the representation that plaintiff's job would end was material during the divorce proceedings. Usually a plaintiff's income would be material with respect to child support or alimony. However, alimony was not awarded. In regard to support, plaintiff's lawyer requested that the court use the Maine formula to set child support. Under the Maine formula, a certain percentage of the parent's income is deemed reasonable support. The trial justice stated that he felt the Maine formula was reasonable in the Paris' case. Hence a certain percentage of Thomas Pari's known earning potential was used to determine the amount of support. We note that whether Cathy Pari's position was terminated was disputed at the motion to vacate and remains in dispute. However, the fact that future child-care costs were awarded at the divorce hearing implies that both plaintiff and the court believed that plaintiff would continue to work, albeit in a different job. Cathy Pari stated at the hearing on the motion to vacate that she was employed in a new job. Regardless of which party is correct on this point, we do not believe that the termination of Cathy Pari's position was a material fact in setting the support amount. As there was no false representation of a material fact, we do not reach the issues of whether Cathy Pari had knowledge of the representation's falsity or an intent to deceive.
[18] Second, in regard to the rental income, it is true that when asked about her income at the divorce hearing, Cathy Pari did not testify that she had rental income. However, the DR6 form filled out by plaintiff and submitted to the court at the divorce hearing accurately listed her rental income at $375 per month. At the hearing on the motion to vacate, Cathy Pari testified that when asked about her income, she believed these questions referred to her wages. Again, we find no false representation of a material fact as information regarding the rental income was before the court. Again, we do not reach the issues of knowledge of falsity and intent to deceive. *Page 637 
[19] The third item upon which defendant maintains erroneous facts were placed in the record is in regard to his child-support payments. The plaintiff's version of the amount of child support being paid by defendant was listed on the DR6 as $100 weekly and at the hearing Cathy Pari testified that at that time he was paying $80 weekly. The defendant admits that at the time of the hearing he was paying $80 weekly, but contends that prior to the hearing he was paying $100 to $150 weekly. While there are some discrepancies on this issue, these discrepancies do not amount to a false representation of a material fact. Once again, we need not consider knowledge of falsity and intent to deceive.
[20] Fourth, it must be considered whether Cathy Pari testified fraudulently in regard to defendant's income. Upon an examination of the record, we find plaintiff's knowledge of Thomas Pari's income rather limited. It is true that plaintiff and her attorney examined books and records which Thomas Pari brought from his business. However, either the books and records were not decipherable, or plaintiff and her attorney were unable to understand them, or the books and records were considered untrustworthy. It is our belief that defendant is not justified in complaining that facts regarding his income were not presented in a clear manner when had defendant participated in the hearing, he could have provided the court with such information. We find no false representation of a material fact. We find no error in denial of the motion to vacate on the grounds of fraud.
 C
[21] A further grounds upon which a judgment may be vacated is misrepresentation. In some circumstances, the terms deceit (or fraud) and fraudulent misrepresentation have the same meaning. 3 Restatement (Second) Torts chapter 22, topic 1, Fraudulent Misrepresentation; Prosser and Keeton, The Law of Torts, § 105 at 726-27 (West 5th ed. 1984). As Rule 60(b) lists both fraud and misrepresentation, we hold that the two are distinct bases for a motion to vacate. Under tort law, one of the differences between an action for deceit and misrepresentation is that generally deceit requires knowledge or reason to know of the falsity of a representation, whereas misrepresentation has several possible mental states, including negligent and innocent misrepresentation. See 3 Restatement (Second) Torts §§ 526, 552, 552C; Prosser and Keeton, The Law of Torts, § 105 at 726-27. Misrepresentation is defined as a manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accord with the facts. Dudzik v. Leesona Corp., 473 A.2d 762, 766 (R.I. 1984). This court has held that even an innocent misrepresentation may be sufficient to grant relief from a judgment. In re Julie,114 R.I. 419, 422, 334 A.2d 212, 214 (1975).
[22] As discussed above, the evidence and testimony in the present case did not contain misrepresentations. We do not believe that Cathy Pari made manifestations during the divorce hearing that under the circumstances amounted to assertions not in accord with the facts. The discrepancies defendant insists are misrepresentations are really the different views of the evidence that arise between adverse parties. The appropriate time and manner to dispute these differences is at trial. There was no error in the denial of the motion to vacate based on misrepresentation.
 II
[23] An appeal from an order denying a motion to vacate under Rule 60(b) presents the issue of the correctness of that order. Such an appeal does not raise questions concerning the correctness of the judgment sought to be vacated. Friendly Home, Inc., 477 A.2d at 937; 1 Kent, R.I. Civ. Prac. § 60.10 at 457 (West 1969). A motion to vacate a judgment is not a substitute for appeal, and its use to circumvent time limits on appeal has been disapproved. Yankee Investments, Inc. v. Efco Mfg., Inc.,101 R.I. 602, 606, 225 A.2d 793, 796 (1967). *Page 638 
[24] In the present case, the defendant asserts that as erroneous facts were placed in the record, the equitable-distribution statute which governs the distribution of property on divorce, G.L. 1956 (1988 Reenactment) § 15-5-16.1, was improperly applied. However, we do not reach this issue as there were no erroneous facts in the record. As there were no erroneous facts in the record, if we were to examine the Decision Pending Entry of Final Decree as to whether the equitable distribution statute was correctly applied, we would be considering the correctness of the judgment itself. This we decline to do.
[25] The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed. The writ heretofore issued is quashed. The papers are remanded to the Family Court with our decision endorsed thereon.