## Lisa VAN THIEL

v.

## Michael J. ALBANI.

## No. 97–312–Appeal.

Supreme Court of Rhode Island.

May 27, 1999.

Michael J. Albani, pro se.

Barbara E. Grady.

## ORDER

This is a divorce action in which the defendant, Michael J. Albani (husband), appeals pro se from a Family Court decision pending the entry of a final divorce decree. Although both parties originally contested this matter, the plaintiff, Lisa Van Thiel (wife), reached a settlement agreement with her husband before trial, and therefore, the Family Court heard it as a so-called "nominal" or uncontested divorce. We ordered the parties to show cause why we should not resolve this appeal summarily. None having been shown, we proceed to do so at this time.

The parties married on August 27, 1983 and had two children during their marriage: Anna Cuilhe Albani (born May 27, 1998) and Gary Albridge Albani (born May

18, 1990). They separated in October 1994 after problems arise because of financial difficulties and differences in their outlook regarding work and employment values. Thereafter, the wife filed a complaint for divorce based upon irreconcilable differences.

At a 1997 Family Court hearing, husband and wife, who were both represented by counsel, testified that they had reached and signed a settlement agreement regarding their children and marital property. Finding that the agreement was fair and equitable, the Family Court incorporated but did not merge the agreement into its decision pending the entry of a final divorce decree. The three major assets of the marriage were the marital domicile in Cumberland, Rhode Island; a day-care business operated by the wife in Medfield, Massachusetts; and the real estate on which the day-care business was located. The parties agreed that, in accordance with principles of equitable distribution, the husband would receive $20,000 as his share of the marital assets. To this end, he was to receive half of the net proceeds from the sale of the marital home. However, if the husband's share thereof amounted to less than $20,000, then the parties agreed that he would receive half of the net proceeds, and the wife would pay him the difference, if any, between his half of the net sale proceeds and $10,000 within ninety days. She would then pay him $1,000 per year until a total of $20,000 was paid in full. The husband consented to waive any interest he might have in the marital domicile, as well as the day-care business and its real estate. The husband also agreed to sigh "forthwith" any deeds necessary to sell the house and to have his attorney hold them in escrow until the closing. Additionally, the parties agreed that the husband would pay no child sup-

port for three years as consideration for his release of any claims to a greater share of the marital assets. Finally, the agreement stated that their children would remain with the wife, subject to supervised visits by the husband. Counsel informed both parties that the Family Court retained jurisdiction over matters involving the children.

After the husband testified about the terms of the agreement, his lawyer specifically asked him whether he understood all of its terms and provisions. He acknowledged that he understood and approved the agreement and that his approval was free and voluntary with no threats or coercion. The Family Court then entered the decision on February 21, 1997 pending entry of a final divorce decree. On March 12, 1997, however, the husband, acting pro se, filed a notice of appeal. Thereafter, the wife filed a motion to dismiss the appeal in Family Court, alleging that the appeal was improper because the parties had voluntarily entered into a settlement agreement and had proceeded on the basis that the divorce was uncontested. Therefore, she contended, because the husband had no grounds for bringing the appeal, it was frivolous and intended solely to harass her. After specifically finding that the husband had initialed the agreement and had testified that he understood and approved of it freely and voluntarily, the Family Court granted the wife's dismissal motion.[1] Despite this purported dismissal of his appeal, the husband proceeded to docket the appeal in this Court, prompting the wife to file a second dismissal motion based upon the Family Court's earlier ruling.

With respect to the merits of his appeal, the husband seeks to raise issues involving allegations of domestic violence or child

---

1. This Court had not yet docketed the husband's appeal when the wife moved for dismissal. Therefore, pursuant to Rule 11(f) of the Rhode Island Supreme Court Rules of Appellate Procedure, both the Family Court and this Court had concurrent jurisdiction "to supervise the course of said appeal and to promulgate orders of dismissal of appeal for failure to comply with these rules, either upon motion of a party or upon the court's own motion."

abuse that were leveled against him for acts he purportedly committed during the marriage. Although the record before us contains no indication of any such allegations, the husband expresses apparent distress with respect to the purported lack of training of the social-services investigators who were assigned to this matter, and his alleged victimization by the Family Court system and by his lawyer. He contends that he lost his right to a fair and speedy trial, that he was suffering from some kind of a "nervous breakdown" when he approved of the settlement agreement, and that he never has had his day in court. He further asserts that the Family Court took away his right to see his children based upon hearsay evidence. he also expresses hard feelings about the fact that the wife did not legally change her surname to his when they were married. He suggests that since 1982, a conspiracy between and among his father-in-law, his wife, and an accounting firm has defrauded him of his share of the day-care business. Finally, he asks for a new trial.

Not withstanding these charges, it appears to us that many of the items and rulings that the husband now seeks to challenge constituted preliminary rulings made prior to the settlement-agreement hearing. As such, they were all subsumed within the settlement agreement and the decision pending entry of the final divorce decree, and thereby became moot. Moreover, the husband had the opportunity to go to trial over all or any one or more of these issues, a right that he acknowledged he was waiving at the Family Court hearing on the settlement agreement. Indeed, he acknowledged that he had freely entered into the settlement agreement, one that distributed the marital property and arranged for custody and visitation of the children. At the hearing concerning this agreement, the Family Court was quite careful to establish on the record that the husband had entered into this agreement freely and voluntarily, that he had read it and understood its terms, that he approved of its provisions, and that he acknowledged his approval by putting his initials on each page of the agreement. Thus, in answer to the husband's queries about *who* allowed these things to happen to him, it would appear to us that the husband himself was the responsible individual because it was he who ultimately agreed to the terms of the settlement agreement and confirmed to the Family Court that he had done so of his own free will.

For these reasons, we are of the opinion that the husband has not raised any meritorious issues on appeal. Accordingly, we deny and dismiss the appeal on its merits and affirm the Family Court decision pending entry of the final divorce decree.