LEWIS, J.
The State of Florida, Appellant and respondent below, seeks review of an order vacating a final judgment entered pursuant to section 903.27(1), Florida Statutes (1999), based on the forfeiture of an appearance bond. We reverse.
Frontier Insurance Company, through its surety agent Steve Roberts Bail Bonds, Inc., its agent, Lee Garcia, and the principal, Burt Allen Whitmire (Appellees), entered into a bonding agreement for the appearance of Whitmire to answer criminal charges. Whitmire failed to appear, and the trial court ordered his $2,000 bond forfeited on August 25, 1999. On November 8, 1999, pursuant to section 908.27, *1193 Florida Statutes(1999), the trial court entered a final judgment against Appellees. Appellees filed a motion to vacate that final judgment on September 18, 2000, months after the expiration of the thirty-five day period for setting aside the judgment set forth in section 903.27(5), Florida Statutes (1999).
As grounds for the motion to vacate, Appellees argued that there had been three cases filed against Whitmire and that Appellees had timely filed for, and received, relief from judgment on two of those cases following Whitmire’s incarceration; however, through their own oversight and the court clerk’s splitting and assigning their bond power of attorney to at least two other cases without their knowledge, Appellees were unaware of the final judgment entered in the third case. Appellees asserted that as soon as they became aware of the outstanding judgment, they moved to vacate. Appellees also informed the court that Appellees’ office manager, who left Appellees’ employment, had been having a problem where “paperwork came up missing.” Appellant argued that Appellees had notice of the failure to appear and that Appellees should have done a better job of keeping up with their paperwork. Appellant further argued that although Appellees did not have a copy of the judgment, the notice of final judgment was sufficient under the statute. The trial court granted Appel-lees’ motion to vacate noting the “dilatoriness” of the case and further stating, “this is an area that the courts are also somewhat responsible for.”
The trial court erred in granting Appellees motion. Appellees presented no affidavits, evidence, or witnesses in support of their unsworn motion to vacate. An unsworn motion for relief from judgment that is not supported by the evidence is insufficient to justify setting aside a final judgment that is valid on its face. See Blimpie Capital Venture Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838 (Fla. 2d DCA 1994)(precluding the trial court, as well as the appellate court, from considering as fact unproven statements documented only by attorney). Absent a stipulation, the proof necessary to support the granting of a motion to vacate cannot be supplied by argument or objected to representations of counsel. Id. at 841. Thus, the trial court’s order granting Appellees’ motion to vacate is not supported by competent substantial evidence.
Accordingly, we reverse the order under review and remand with directions to reinstate the final judgment.
REVERSED AND REMANDED WITH DIRECTIONS.
BARFIELD and WOLF, JJ., concur.