Walter M. DeLUCA

v.

Linda Lee DeLUCA.

No. 2002–9–Appeal.

Supreme Court of Rhode Island.

Jan. 23, 2004.

Colleen Crudale, Esq., Warwick, for Plaintiff.

Allen M. Kirshenbaum, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

In this divorce action, the defendant, Linda Lee DeLuca (wife), appeals from a Family Court order denying her motion to vacate the decision granting her and her husband a divorce pending entry of a final judgment. She also appeals from the order denying her motion for a new trial and other relief.

This couple was married for more than thirty years, during which they raised one child, who was over the age of majority when the Family Court ruled on this case. After problems in the marriage arose, plaintiff, Walter M. DeLuca (husband), filed a complaint for divorce in Family Court and the wife counterclaimed.

Initially, the parties were unable to agree on issues of spousal support and property distribution. When the Family Court reached the case for a contested trial, the parties' attorneys indicated to the court that substantial discovery remained to be completed. Specifically, the parties had not obtained an appraisal of their former marital domicile, and their depositions were not yet concluded. At a pretrial hearing held on May 3, 2001, the magistrate assigned to the case ordered an appraisal of the house to be scheduled during a Family Court recess, and he ordered that the wife be deposed immediately following the conclusion of the pretrial hearing. After that order, the parties recessed with the intent to appear for a contested trial that would begin the next day. But when they reconvened on May 4, 2001, the parties advised the court that the case had become nominal (that is, it no longer was a contested divorce), and the court proceeded with a nominal divorce hearing.

At the hearing, both parties indicated that they had reached an agreement with respect to distribution of their marital property, alimony, support of their adult child, and treatment of their debts. Both parties waived their rights to alimony. The husband also agreed to submit to a post-hearing deposition. The husband's attorney said he understood that the purpose of the deposition would be to determine whether the husband had failed to disclose any assets. The wife's attorney procured the husband's agreement that, if during the course of the deposition relevant "information comes out," the agreement logically would be altered in light of any new information about his assets.

At the conclusion of the nominal divorce hearing, the presiding magistrate was satisfied that a divorce should be granted on

the grounds of irreconcilable differences that caused the irremediable breakdown of the marriage. In relevant part, he said:

"A certain agreement has been placed on the record. It is to be reduced to writing then properly signed freely and voluntarily by the parties. It will then be introduced to the Court and marked exhibit Number 1 * * *, to be incorporated but not merged herein.

"The Court is satisfied that based upon the testimony presented as well as its involvement within these proceedings that the agreement fairly and equitably disposes of the total marital estate. The agreement is to be reduced to writing, is to be one with full disclosure. Failing that, the parties would be entitled to reopen or otherwise."

The magistrate also said that the husband's attorney may include within the decision pending entry of final judgment "anything testified to by the parties under oath that the Court did not deal with by way of specificity in its decision." The husband's attorney then referred, on the record, to the wife's waiver of alimony.

The husband's deposition began on June 20, 2001, but the wife's counsel did not complete her questioning of him because the parties could not agree on the scope of the husband's testimony. Thereafter, the wife refused to sign the draft of a property settlement agreement that the husband's counsel prepared. It was only after the husband moved to enter the decision of May 4, 2001, pending entry of final judgment—six months later—that the wife moved to vacate the decision and to obtain a new trial and other relief.

In her motion, she asserted that the verbal orders that the court issued at the nominal hearing were subject to completing a post-trial deposition of plaintiff. Moreover, she understood that the court had suspended the hearing until she completed taking the husband's deposition. Thus, she objected to the finality of the "so-called agreements" reached at the nominal hearing. Finally, the wife asserted that at the time of the nominal hearing she had been under the influence of prescription drugs that clouded her understanding of what occurred. Thus, she alleged, she was unable to appreciate the consequences that would follow from the hearing, including her alimony waiver.

Based on his review of the transcripts from the previous proceedings, the magistrate ruled that there was no basis for the wife's request to vacate the proposed decision pending entry of final judgment. Thus, he denied the wife's motion to vacate as well as her motion for a new trial.

On appeal, we ordered the parties to show cause why we should not decide this case summarily. Because they have not done so, we proceed to resolve the appeal at this time.

The wife raises several issues. First, she alleges that the magistrate committed reversible error when he denied her an opportunity to introduce expert testimony to support her motions. Second, she contests the Family Court's so-called "rubber-stamp approval" of the alimony waiver because, she maintains, the magistrate did not specifically approve of the waiver or cite to any of the factors upon which he based his decision. Third, she objects to the magistrate's decision to proceed with a nominal hearing because the outcome of the husband's post-trial deposition could have affected the agreement that the court approved at the hearing. Finally, the wife alleges that the magistrate failed to fulfill his obligation to make specific factual findings pursuant to Rule 52 of the Family Court Rules of Procedure for Domestic Relations and that he inappropriately allowed entry of the decision pending entry of final judgment when the conditions upon which it was based never were satisfied.

■ An appeal from an order granting or denying a motion to vacate under the Rules of Procedure for Domestic Relations presents only the issue of the correctness of that order. *Pari v. Pari*, 558 A.2d 632, 637 (R.I.1989). Such an appeal does not raise questions concerning the propriety of the decision or judgment itself. *Id.* Furthermore, because both Rule

60(b) of the Rules of Procedure for Domestic Relations and Rule 60(b) of the Superior Court Rules of Civil Procedure are nearly identical in wording and identical in purpose, Superior Court precedent may be consulted to interpret both rules. *Pari*, 558 A.2d at 634–35. "A motion to vacate a judgment rests within the sound discretion of the trial court and a trial court's ruling on such a motion will be reversed only upon a demonstrated and clear abuse of discretion." *Id.* at 634; *see also Friendly Home, Inc. v. Shareholders and Creditors of Royal Homestead Land Co.*, 477 A.2d 934, 937 (R.I.1984).

■ The wife alleges that the magistrate committed reversible error when, at the hearing on the motion to vacate, he not only refused her offer to return to the court with expert medical testimony at some unspecified date in the future, but also he summarily denied her motion based only on the record transcripts. Her attorney sought the opportunity to present medical testimony at some time in the future, from a physician, to support the wife's contention that prescription drugs had impaired her cognizance of what occurred at the nominal hearing.

Rule 60(b) of the Rules of Procedure for Domestic Relations is almost identical in language to the corresponding Rule 60(b) of the Superior Court Rules of Civil Procedure, and allows a party to move for relief from a final judgment, order, or proceeding for a variety of reasons. Here, the wife contended that she was suffering from a mental defect when the nominal hearing occurred. As a result, she alleged that she did not fully understand the content or finality of the proceedings. Consequently, she argued, the decision pending entry of final judgment was void. Because this is a void decision, she concludes, she did not need to present any affidavits or other evidence to the magistrate at the hearing on the motion; rather, she was entitled to rely solely on the unsworn statements and allegations of her attorney to support her motion.

■ This argument is flawed for several reasons. First, a void judgment or decision is one in which the court entering the judgment lacked jurisdiction over the matter or when the court's action violated a procedural requirement so substantial that it amounted to "a plain usurpation of power constituting a violation of due process." *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 869 (R.I.2001) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir.1995)). "For a judgment to be void * * * it must be determined that the rendering court was powerless to enter it." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). "A void judgment is from its inception a legal nullity." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir.1990). To preserve the finality of judgments, courts must construe the concept of voidness narrowly. *Id.*

■ Contrary to the wife's assertions, " '[a] judgment is not void merely because it is erroneous.' " *Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Jackson v. Medical Coaches*, 734 A.2d 502, 506 (R.I.1999) (per curiam)). Rather, a court will declare a judgment to be void only in " 'rare instance[s] of a clear usurpation of power.' " *Boch Oldsmobile Inc.*, 909 F.2d at 661–62.[1]

The wife does not allege that the Family Court lacked jurisdiction over her case.

---

1. This Court has found significant procedural defects amounting to a "clear usurpation of power" and a violation of due process when substantial defects in notice, service of process, and representation by counsel existed. *See Nisenzon v. Sadowski*, 689 A.2d 1037, 1049 (R.I.1997) (holding judgment was void as against individual partners in a business partnership because they were not named as parties to the suit, were not served with process, and did not waive service of the summons and complaint); *May v. Penn T.V. & Furniture Co.*, 686 A.2d 95, 100 (R.I.1996) ("[F]undamental due-process considerations—and bedrock principles of agency law—prevent us from punishing an unserved party defendant for teh misdeeds of a lawyer he never engaged in a lawsuit about which he was never notified.").

She does allege, however, a deprivation of due process resulting from the magistrate's denial of an evidentiary hearing on whether she was mentally competent during the nominal proceeding. The Family Court clearly has authority to grant or deny relief from its orders and proceedings under Rule 60(b) of the Rules of Procedure for Domestic Relations.[2] Here, the magistrate simply chose to deny the motion to vacate based on the facts submitted to him at the hearing on that motion. The wife does not allege that she received inadequate notice of the proceedings. On the contrary, she had the opportunity to present evidence to the magistrate about her mental-incompetence claim, but she simply failed to submit any such evidence on the date that the magistrate heard the motion. Given this failure by the wife to prove her alleged mental incompetence on the date of the hearing, the action of the magistrate in denying her motion to vacate did not amount to a deprivation of the wife's due-process rights, much less did it justify a finding that the decision pending entry of a final judgment was void.

 Additionally, unsworn statements of counsel supporting a motion to vacate do not constitute evidence, nor are they a viable predicate to an evidentiary hearing. To trigger an evidentiary hearing supporting such a motion, the moving party should present affidavits, sworn testimony, or witnesses who are prepared to testify at the hearing thereon to grounds that, if found to be true, would support a vacation of the judgment, order, or decision in question. See *State v. Whitmire,* 791 So.2d 1192, 1193 (Fla.Dist.Ct.App. 2001); *BN1 Telecommunications, Inc. v. Cybernet Communications, Inc.,* 118 Ohio App.3d 851, 694 N.E.2d 148, 151 (1997) (per curiam); *Hatfield v. Hatfield,* No. 94CA2046, 1995 WL 332234, at *2 (Ohio Ct.App. May 31, 1995); *Housden v. Housden,* No. CA90–08–160, 1991 WL 71986, at *2 (Ohio Ct.App. May 6, 1991); *Havely v. Havely,* No. E2000–02275–COA–R3–CV, 2001 WL 920220, at *3 (Tenn.Ct.App. Aug.15, 2001). But see *Gore v. First National Supermarkets,* No. 77026, 2000 WL 1231474, at *3 (Ohio Ct.App. Aug. 31, 2000); *In re Wood,* No. 97APE01–77, 1997 WL 467338, at *2 (Ohio Ct.App. Aug. 12, 1997). Other than the attorney's unsworn allegations contained in the motion to vacate, the magistrate only had the transcripts of the nominal proceeding upon which to rely in ruling on the motion.

The magistrate was satisfied that competent counsel represented both parties at the nominal hearing and that the parties were not entitled to "two bites at the apple." Nevertheless, he made clear on several occasions his willingness to consider all testimony and evidence properly before the court. But the wife appeared at the hearing on the motion to vacate without any supporting evidence, such as affidavits or expert witnesses, and she did not request a continuance at the hearing. Thus, the magistrate chose to consider the motion before him as presented and summarily denied the defendant's request for relief based only on the transcripts on record. In doing so, we hold, he did not err.

This Court decided an appeal based on similar facts in *Van Thiel v. Albani,* 736 A.2d 84 (R.I.1999) (mem). In Van Thiel, the parties had reached an agreement before trial, and the trial court heard the case as a nominal divorce. Id. At the hearing, the appellant testified about the

---

**2.** Rule 60(b) of the Family Court Rules of Procedure for Domestic Relations provides:

"[T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

agreement and acknowledged that he understood its terms, and that his approval was free and voluntary. Id. at 85. The Family Court incorporated but did not merge the agreement into its decision pending entry of final judgment. Id. The defendant husband then appealed the decision, claiming that "he was suffering from some kind of a 'nervous breakdown' when he approved of the settlement agreement, and that he never has had his day in court." Id. at 86. Because the parties reached this settlement agreement before trial and the divorce hearing was nominal, this Court ruled that the orders the husband later sought to challenge were subsumed within the decision pending entry of final judgment and they had become moot. Id. See also *Gaccione v. Gaccione*, 112 R.I. 676, 678, 314 A.2d 423, 424 (1974) (appeal of decision pending entry of final judgment denied for appellant who claimed to be "confused and did not realize that a divorce had been granted" at nominal divorce hearing, because appellant was present and represented by counsel).

Here, the parties also had reached an agreement before proceeding with the nominal hearing. Moreover, the trial transcript indicates that counsel represented the wife at the hearing, the wife was responsive to questioning, and she clearly articulated her intent to enter into the agreement. Thus, we conclude, the magistrate did not abuse his discretion when he denied the wife's motion to vacate because it was devoid of any evidentiary support.

■■■ The wife also contested the magistrate's supposed "rubber-stamp approval" of the alimony waiver. She requested a new trial on the basis that he should have ruled specifically on the waiver and stated what factors supported his decision. In considering a ruling on a motion for a new trial, this Court will overturn the outcome only "if the judge

was obviously mistaken or has overlooked or misconceived material evidence." *Lapre v. Ruggieri Brothers, Inc.*, 688 A.2d 1298, 1299–1300 (R.I.1997) (per curiam) (citing *Ruggieri v. Big G Supermarkets*, 114 R.I. 211, 330 A.2d 810 (1975)). Here, the husband correctly stated that the case proceeded as a nominal divorce hearing, not a contested trial on the merits. The magistrate did not sift through questions of fact or settle issues of law, but rather read into the record an agreement that the parties themselves already had reached.[3] Thus, a motion for a new trial was not the appropriate method for challenging the terms of this nominal divorce decision.

■■■ The defendant cites *Reynolds v. Reynolds*, 53 R.I. 326, 166 A. 686 (1933) and *Ramsbottom v. Ramsbottom*, 542 A.2d 1098 (R.I.1988) to support her argument that the parties' agreement, as read into the record, cannot trump the Family Court's jurisdiction to approve or order alimony. Reynolds and later cases, however, indicate that independent agreements entered into freely by the parties in divorce proceedings will be enforced if they appear to the court to be "reasonable and fair to the parties and not collusive." Reynolds, 53 R.I. at 329, 166 A. at 688; see also *Masse v. Masse*, 112 R.I. 599, 603, 313 A.2d 642, 645 (1974). Pursuant to G.L. 1956 § 15–5–16, some factors that the Family Court should consider in reviewing the alimony issue include the health, age, station, occupation, amount and source of income, vocational skills, and employability of the parties.

At the nominal hearing, both parties answered questions about their ability to support themselves, revealing where they

---

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

3. Thus, the magistrate stated: "And what we are going to do is read [the agreement be-

tween plaintiff and defendant] into the record. It's going to be reduced to a contract which in fact will be a contract * * * [and] will remain an independent agreement outside of the orders of this [c]ourt."

worked, how much they were earning, and the extent of their education or job skills. When asked whether she thought she could support herself, the wife replied, "I'm trying to the best of my ability right now," and added that she was working toward earning a teaching certificate. She then waived alimony and said that she understood she could not change her mind in the future. Based on this testimony, the magistrate was satisfied that "the agreement fairly and equitably disposes of the total marital estate." In doing so, the magistrate, we hold, did not overlook or misconceive material evidence. Thus, we affirm the order denying the wife's motion for a new trial.

■ The wife's remaining issues are based upon her interpretation of what happened at the nominal hearing. First, she objects to the magistrate's decision to proceed with a nominal hearing because the post-hearing depositions could have affected the parties' agreement. In particular, she asserts that without full knowledge of the husband's assets, it was impossible for her to enter into an agreement knowing that it encompassed all the marital assets. Her attorney addressed this issue, however, when he procured the husband's assent that, if during the course of his deposition, relevant "information comes out," then the agreement could be altered in light of the new information. Moreover, the parties' agreement anticipated the existence of any potentially hidden assets by providing that the party from whom the asset was concealed "shall have right, title and interest to those assets." Finally, the magistrate stated that the parties' agreement should be reduced to writing with full disclosure, and "[f]ailing that, the parties would be entitled to reopen or otherwise." Thus, we hold that the provision for post-hearing discovery did not constitute reversible error and we affirm the magistrate's ruling in this respect.

■ Finally, the wife alleges that the magistrate inappropriately allowed entry of the decision pending entry of final judg-ment when the purported conditions upon which it was based were never satisfied. In particular, the wife alleges that entry of the decision was subject to a complete deposition of the husband ·and to a freely and voluntarily signed property-settlement agreement in accord with the agreement reached at the nominal hearing. Thus, the wife submits, the magistrate erroneously entered a decision that was not a final adjudication of the issues.

The magistrate addressed the wife's attorney about the purported conditions at the hearing on the motion to vacate. With respect to her discovery argument, a deposition of the husband would have no bearing on the agreement the parties had reached, even if additional assets were uncovered. As the magistrate stated, "[i]f [the assets] were uncovered * * * you don't even need depositions [because] if * * * there is something hidden by one [or] the other of the parties the other person [will] receiv[e] all of it." Furthermore, the magistrate clarified that he did not order the parties to execute the property settlement agreement; rather, the parties were to reduce it to writing and then sign it "freely and voluntarily." Therefore, our review of the transcript suggests that the post-hearing depositions and the parties' entry into a written property settlement agreement were not intended to function as conditions precedent placed on the entry of the magistrate's decision pending entry of final judgment.

Nevertheless, we caution the parties, their counsel, and the Family Court that we do not believe that proceeding in this piecemeal fashion constituted the best way to achieve a final resolution in this type of case. We fail to see how a purported property settlement agreement that was neither drafted nor signed—and that may never be signed or agreed upon by the parties—can be incorporated by reference into a decision pending entry of a final divorce judgment. By proceeding in this manner and by allowing the parties to engage in additional discovery from each other, the court was only inviting future

disputes and motions to reopen the proceedings. Consequently, this practice should be discouraged.

As noted, the wife appears to be appealing from the denial of her motion to vacate, and we conclude that no grounds exist for reversing the magistrate's ruling. But even if we viewed her appeal as one from the decision pending entry of final judgment itself, we are of the opinion that she has failed to suggest any reason why that decision should be disturbed. For these reasons, we affirm the decision pending entry of the final judgment, the order denying the motion to vacate, and the order denying a new trial, and remand the papers in this case to the Family Court for further proceedings not inconsistent with this opinion.