August 8, 2024

**Supreme Court**

No. 2023-234-Appeal.
(P 18-3777)

Daisy M. DeJesus          :

              v.                    :

Jose A. Saldana.           :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Daisy M. DeJesus       :

        v.           :

Jose A. Saldana.       :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** This appeal arises out of the divorce of the defendant, Jose A. Saldana (Saldana or defendant), from his former wife, the plaintiff, Daisy M. DeJesus (DeJesus or plaintiff). The defendant appeals from an order of a Family Court justice denying his appeal from a Family Court magistrate's order. The magistrate denied in part, and granted in part, the defendant's motion to reconsider her earlier order that denied the defendant's motion to vacate a final judgment of divorce—which he challenges before this Court.

This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the memoranda and arguments presented by the parties,

we conclude that cause has not been shown and proceed to decide the appeal at this time. Accordingly, we affirm the order of the Family Court.

**Facts and Travel**

The lengthy travel of this case is anything but clear. Saldana and DeJesus married on September 1, 2004, in the Dominican Republic; no children were born of this union. The defendant asserts that during the course of their marriage, he purchased a home located at 166 Whitmarsh Street in Providence, Rhode Island (the Whitmarsh Property). The couple remained at the Whitmarsh Property until they separated in 2009. According to defendant, the title and mortgage to the Whitmarsh Property originally were in his name; however, the title was transferred thereafter to include plaintiff; but the mortgage liability remained with defendant. After they separated in 2009, the parties lived separate and apart and did not file joint tax returns. The plaintiff moved to Pennsylvania, claiming that her children from a previous marriage wished to be closer to their father; however, defendant asserts that she simply abandoned the relationship and left without warning. Approximately eight years later, in 2017, plaintiff returned to Rhode Island and, with her mother, purchased a property located at 954 Atwells Avenue in Providence, Rhode Island (the Atwells Property).

On July 25, 2018, plaintiff filed for divorce on the grounds of irreconcilable differences. Included with her complaint for divorce, plaintiff also submitted a

DR-6 Financial Statement that unequivocally included her interest in the Atwells Property, which became a point of controversy in this case.

On February 12, 2020, a justice of the Family Court heard the divorce proceeding that, as requested by plaintiff, had been assigned to the nominal divorce track. DeJesus and Saldana each testified at the hearing on the nominal divorce. After a justice of the Family Court heard the parties' complaint for divorce on grounds of irreconcilable differences, and considered each of the parties' testimony, he determined:

> "With regard to the real estate located at 166 Whitmarsh Street in Providence, Rhode Island, that property is awarded to the [p]laintiff free and clear of any claim from the [d]efendant. [The plaintiff] will have 60 days to refinance [the Whitmarsh] property and in exchange will issue a quit claim deed, conveying [defendant's] interest over to [plaintiff]. Defendant may stay there, however, until June 1, 2020, due to health issues. Once the home is refinanced, the parties have agreed that [defendant] will pay rent in the monthly sum of $900 per month. Until that date, he will be responsible for the mortgage, taxes, [and] insurance. Thereafter, [plaintiff] will enjoy exclusive use and possession of [the Whitmarsh] property. In exchange, the [d]efendant is awarded his pension, free and clear of any claim from the other."

The Family Court granted the divorce on irreconcilable grounds, and further determined:

> "[The] [p]laintiff has resided in Rhode Island for at least one year next before she filed her complaint. * * * I am satisfied that irreconcilable differences do exist that caused there to be a breakdown in the marriage, and I grant

[p]laintiff her complaint for divorce on those grounds and grant [defendant's] counterclaim on the same grounds. * * * *They have divided, to their satisfaction, their personal property.* Each is awarded all right, title, and interest to * * * their respective possession free and clear from any claim of the other." (Emphasis added.)

Unfortunately, a decision pending entry of final judgment was not timely entered. On September 24, 2020, plaintiff filed a motion to enter a decision pending entry of final judgment out of time, and the Family Court justice granted this motion on November 10, 2020.[1] Thereafter, on November 16, 2020, the Family Court justice entered a decision pending entry of final judgment and also entered a final judgment of divorce. Neither plaintiff nor defendant appealed from the decision pending entry of final judgment, nor from the final judgment.

Thereafter, plaintiff filed a motion to adjudge defendant in contempt, arguing that she was unable to refinance the Whitmarsh Property due to defendant's refusal to cooperate. The defendant objected and asserted that the failure to refinance the Whitmarsh Property was through no fault of his own, but rather was due to plaintiff's actions, or lack thereof.

On August 31, 2021, defendant filed a single motion to vacate both the decision pending entry of final judgment and the final judgment (first motion to

---

[1] We note that the Family Court justice who presided over the nominal divorce proceeding is not the same trial justice who presided over the appeal from the magistrate's decision.

- 4 -

vacate) and argued that the court orders failed to accurately reflect what was negotiated and ordered by the Family Court. A hearing on this motion commenced and was continued three times between August 31, 2021, and March 16, 2022. No transcript of defendant's first motion to vacate has been provided to this Court on appeal; nor does any transcript appear within the docket. On March 31, 2022, a magistrate of the Family Court entered an order denying defendant's motion to vacate. Significantly, neither party appealed from the March 31, 2022 order.

Thereafter, on April 12, 2022, defendant filed a second motion to vacate the decision pending entry final judgment and the final judgment, and sought reconsideration of the denial of the first motion to vacate pursuant to Rule 60 of the Family Court Rules of Domestic Relations Procedure. The defendant attached an affidavit in support of three contentions that he urged the Family Court to address. He contended that plaintiff "failed to disclose assets in her name acquired while [they were] married." The defendant also asserted that the record failed to establish "the date of separation of the parties," which caused "an inequitable final judgment to enter." The defendant maintained that had the court received the proper information that the parties were married from 2005 to 2009—a four-year marriage—and that plaintiff waited another nine years before filing for divorce in 2018, the court would have been unlikely to determine that it was fair and equitable for plaintiff to receive the entire proceeds of the house where defendant lived and which he maintained for

fifteen years. Lastly, defendant contended that, due to his declining health in the past three years, there has been a substantial change in circumstances, such that the court should reconsider an award of alimony and/or modify the terms and conditions of the divorce. Significantly, plaintiff objected to defendant's second motion, arguing that he "rais[ed] the same issues in this second motion * * * that were raised in his original motion filed on August 31, 2021 and denied on March 21, 2022 * * *."[2]

The defendant's *second* motion to vacate the judgment of divorce was heard on May 11, 2022, by the same magistrate who presided over defendant's first motion to vacate. The magistrate recounted testimony from the February 12, 2020 nominal divorce proceeding and additional motions filed thereafter. The magistrate denied defendant's motion with respect to the Whitmarsh Property, declaring, "the [c]ourt has already denied that [m]otion to [v]acate and it appears as though the appeal period may have passed because of timing." The motion as to the Atwells Property, however, was granted and apparently severed when the magistrate declared that

---

[2] As will be discussed herein, although our rules do not recognize a motion to reconsider, we treat a party's motion to reconsider as a motion to vacate under Rule 60(b) of the Family Court Rules of Domestic Relations Procedure. *Cf. Atmed Treatment Center, Inc. v. Travelers Indemnity Company*, 285 A.3d 352, 359 (R.I. 2022); *DeLuca v. DeLuca*, 839 A.2d 1237, 1240-41 (R.I. 2004) (noting that because both Rule 60(b) of the Family Court Rules of Domestic Relations Procedure and Rule 60(b) of the Superior Court Rules of Civil Procedure are nearly identical in wording and identical in purpose, Superior Court precedent may be consulted to interpret both rules).

defendant needed to file a new motion in order "to have a hearing on the Atwells * * * Property," given that this issue "was just raised today for the first time."

On July 27, 2022, two matters came before the magistrate: (1) plaintiff's second motion to adjudge defendant in contempt for failing to cooperate with the refinancing of the Whitmarsh Property and plaintiff's motion to appoint a commissioner; and (2) further discussion of defendant's second motion to vacate.

Importantly, the magistrate determined that "[t]he [c]ourt has already denied" defendant's motion to vacate as to the Whitmarsh Property. As to the Atwells Property, she declared, "[t]here is an allegation that there is a new property in which the [p]laintiff is one-half owner with her mother[.] That property shall be treated separately under [*Zaino v. Zaino*, 818 A.2d 630 (R.I. 2003)], as property that has not been disclosed at the time of the Final Decree; nor has it been disposed of within this Final Decree, or in any of the pleadings from the time of the filing of the Petition for Absolute Divorce."[3]

Months passed. On January 19, 2023, the Family Court magistrate issued orders encompassing several rulings which reflected her decision that denied in part defendant's second motion to vacate, rendered on May 11, 2022, and the decision

---

[3] The magistrate determined that "when there's a failure to disclose a piece of property like [the Atwells Property] * * * under 'Zaino', we don't re-open the whole case. We award a certain percentage to the non-disclosing party and that percentage is substantially lower than the party who has been aggrieved by the failure to disclose the property." *See Zaino v. Zaino*, 818 A.2d 630, 636 (R.I. 2003).

on plaintiff's motion heard on July 27, 2022. The defendant filed a single notice of appeal from both orders to a justice of the Family Court on January 24, 2023. A hearing was held before a trial justice of the Family Court. After considering the parties' arguments, the trial justice denied defendant's appeal and referred the matter back to the magistrate for further proceedings concerning the Atwells Property and any other matters that were before her. An order entered on May 19, 2023, denying defendant's appeal from the magistrate's May 11, 2022, and July 27, 2022, decisions, and remanding the case to the magistrate.

On May 26, 2023, defendant filed a notice of appeal to this Court.

**Standard of Review**

We have observed that, pursuant to Rule 73(a) of the Family Court Rules of Domestic Relations Procedure, "an appeal from a judgment, order, or decree of a general magistrate or a magistrate shall be referred to the chief judge or chief judge's designee. The review shall be appellate in nature and on the record." *Cronan v. Cronan*, 307 A.3d 183, 194 (R.I. 2024) (brackets omitted) (quoting Rule 73(a) of the Family Court Rules of Domestic Relations Procedure).

"*An appeal from an order granting or denying a motion to vacate* under the Rules of Procedure for Domestic Relations *presents only the issue of the correctness of that order*." *DeLuca v. DeLuca*, 839 A.2d 1237, 1240 (R.I. 2004) (emphases added). In these instances, "[s]uch an appeal does not raise questions concerning

- 8 -

the propriety of the decision or judgment itself." *Id.* However, "because both Rule 60(b) of the Rules of Procedure for Domestic Relations and Rule 60(b) of the Superior Court Rules of Civil Procedure are nearly identical in wording and identical in purpose, Superior Court precedent may be consulted to interpret both rules."[4] *Id.* at 1240-41.

Accordingly, this Court has observed that "[a] motion to vacate a judgment rests within the sound discretion of the trial court and a trial court's ruling on such a motion will be reversed only upon a demonstrated and clear abuse of discretion."

[4] Rule 60(b) of the Family Court Rules of Domestic Relations Procedure, "Relief from Judgment or Order," states in part:

> "(b) **Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > "(1) Mistake, inadvertence, surprise, or excusable neglect;
> >
> > "(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> "* * *
>
> "*The motion shall be made within a reasonable time*, and for reasons (1), (2) * * * *not more than one year after the judgment, order, or proceeding was entered or taken.*" (Emphases added.)

*DeLuca*, 839 A.2d at 1241 (quoting *Pari v. Pari*, 558 A.2d 632, 634 (R.I. 1989)); *see, e.g.*, *Capaldi v. Capaldi*, 295 A.3d 822, 826 (R.I. 2023) ("Our review of a Family Court justice's decision is 'deferential.'") (quoting *Giarrusso v. Giarrusso*, 204 A.3d 1102, 1106 (R.I. 2019)); *Lavallee v. Lavallee*, 143 A.3d 1081, 1083 (R.I. 2016) (mem.) ("[T]his Court will not disturb a trial justice's ruling on a motion to vacate 'absent a showing of abuse of discretion or other error of law.'") (quoting *Tworog v. Tworog*, 45 A.3d 1194, 1198 (R.I. 2012)).

**Analysis**

There is no question that this case has resulted in a complex and confusing record that was hampered by the numerous lengthy delays in the entry of dispositive orders, including the decision pending entry of final judgment and the final judgment itself, which were ultimately entered on the same day, more than nine months after the hearing on the nominal divorce complaint.

The events that followed the July 27, 2022 hearing are confusing, irrelevant, and erroneous. With respect to defendant's so-called "second motion to vacate"—which we have held is governed by Rule 60(b)—the magistrate correctly determined in her earlier decision that the motion was filed out of time. Notably, when defendant appealed the magistrate's decision to a justice of the Family Court, plaintiff raised the issue of the timeliness of the so-called "second motion to vacate," arguing that it was not timely filed.

The trial justice failed to address the fact that the second motion to vacate was filed out of time and should have been dismissed. As we have stated, "[o]ur review of a Rule 60(b) motion 'is limited to examining the correctness of the order granting or denying the motion, [and] not the correctness of the original judgment.'" *Howell v. Urban League of Rhode Island, Inc.*, 307 A.3d 858, 860 (R.I. 2024) (quoting *Santos v. D. Laikos, Inc.*, 139 A.3d 394, 398 (R.I. 2016)). We pause to note, however, that this Court has clearly stated that "Rule 60(b) does not constitute a vehicle for the motion justice to reconsider the previous judgments in light of later-discovered legal authority * * *." *Id.* (quoting *Jackson v. Medical Coaches*, 734 A.2d 502, 505 (R.I. 1999)).

Accordingly, our careful scrutiny of the record in this case—as painful as it has been—causes us to agree in part with the plaintiff's contentions. The defendant failed to appeal from the March 31, 2022 order that denied the defendant's first motion to vacate the decision pending entry of final judgment and the final judgment, and the second motion to vacate should have been dismissed as untimely in accordance with Rule 60(b) and possibly on *res judicata* grounds as well. However, the trial justice addressed the defendant's allegation that the Atwells Property was not disclosed at the time of the nominal divorce proceeding.[5] The magistrate

---

[5] We pause to note that the plaintiff's initial DR-6 Financial Statement included the disclosure of both the Whitmarsh Property and the Atwells Property.

appropriately severed the matter under *Zaino*, and that matter remains pending. *See Zaino*, 818 A.2d at 636. To the extent that issue was before us, we affirm and leave the defendant to his burden of proof on remand. All other issues raised in this appeal are denied and dismissed.

## Conclusion

For the reasons set forth herein, we affirm the order of the Family Court. The record in this case is remanded to the Family Court.


Justice Lynch Prata did not participate.